UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AUGUSTUS MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-02862-JPH-KMB |
| | ) | |
| GEO GROUP INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Order Directing Severance of Claims and Directing Service of Process**

Plaintiff Augustus Marshall, an Indiana prisoner, filed this civil action alleging civil rights violations relating to the Stand Program. His first complaint was dismissed, and he was permitted to file an amended complaint.[1]

Mr. Marshall's Amended Complaint alleges that Robert Carter, Mark Sevier, and Derek Christian subjected him to atypical and significant hardship and denied him meaningful reviews while he was in segregation in violation of his Fourteenth Amendment and Eighth Amendment rights, and that the Indiana Department of Correction's and Geo Group Inc.'s policies caused these violations. Mr. Marshall also argues Mr. K. Grinstead, Mr. G. Cecil, Mr. J. French, Mr. Sevier, and Mr. Christian fraudulently claimed he was a voluntary participant in the Stand Program in violation of 31 U.S.C. § 3801, the False Claims Act. Additionally, Mr. Marshall claims that Mr. J. Smith and an unknown Internal Investigator subjected him to an unreasonable search and seizure, due process violations, and discrimination in violation of his Fourth Amendment and Fourteenth Amendment rights.

---

[1] This action was initially closed on July 8, 2022. Dkts. 28-29. However, the case was subsequently reopened. Dkts. 33, 38, 39.

1

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. Amended Complaint

Mr. Marshall's complaint alleges claims relating to his treatment in non-transition unit and in the law library. His complaint identifies the following defendants: 1) Robert Carter, 2) Mark Sevier, 3) Derek Christian, 4) Mr. K. Grinstead, 5) Mr. G. Cecil, 6) Mr. J. French, 7) Mr. J. Smith, 8) Indiana Department of Corrections, and 9) Geo Group Inc. Mr. Marshall seeks monetary and punitive damages to compensate him for his injuries. Mr. Marshall also seeks indemnification against the IDOC, Geo Group, Inc., Mr. Carter, and Mr. Sevier.

### A. Non-transition unit

To begin, Mr. Marshall alleges that Robert Carter, Mark Sevier, and Derek Christian subjected him to atypical and significant hardship and denied him meaningful reviews while he

was in a non-transition unit in violation of his Fourteenth Amendment and Eighth Amendment rights. Specifically, he states that he was placed in a non-transitional unit/Stand Program on March 6, 2020. Dkt. 35 at 10. In this unit, Mr. Marshall remains in his cell for twenty-two hours and forty-five minutes per day and is prohibited from participating in time-cuts, religious services, employment, recreational activities, or educational opportunities. *Id.* at 6. During his two and half years in the non-transitional unit, Mr. Marshall was denied a meaningful review and was instead labeled an "overall negative adjustment." *Id.* at 7.

Additionally, Mr. Marshall claims that the Indiana Department of Correction's ("IDOC") and Geo Group Inc.'s policies caused him to remain in the non-transitional unit indefinitely without a meaningful review. *Id.* at 6-7, 10.

Further, Mr. Marshall states Mr. K. Grinstead, Mr. G. Cecil, Mr. J. French, Mr. Sevier, and Mr. Christian fraudulently claimed that he was a voluntary participant in the Stand Program in violation of the False Claims Act under 31 U.S.C. § 3801. Dkt. 35 at 7.

**B.  Law Library**

Mr. Marshall alleges that his Fourth Amendment and Fourteenth Amendment rights were violated when he went to the law library to process his motion for modification of sentence, which included a business educational proposal. *Id.* at 8. However, instead of processing his motion, defendant Smith, the law library clerk, confiscated his documents stating that the documents violated the IDOC's policy. *Id.* Mr. Marshall further states that an unknown internal investigator approved Smith's confiscation. *Id.* at 9. Neither the investigator or Smith gave Mr. Marshall any copies of the papers and did not notify him about the confiscation until two weeks later. *Id.*

After Mr. Marshall filed multiple grievances, his papers were returned four months later. *Id.* However, he was not given his original papers and some of the pages were missing. *Id.* As a

result of this confiscation, he was prevented from filing his motion for modification of sentence and pursuing educational resources. *Id.*

### III. Discussion of Claims

#### A. Dismissed Claims

Mr. Marshall's claims against the IDOC **are dismissed**. States and their agencies are not "persons" subject to suit pursuant to 42 U.S.C. § 1983. *Sebesta v. Davis*, 878 F.3d 226, 231 (7th Cir. 2017) (the state is not a "person" that can be sued under 42 U.S.C. § 1983); *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66-70 (1989)). Accordingly, Mr. Marshall may not pursue claims against the IDOC.

Similarly, Mr. Marshall's claims against Mr. Sevier and Mr. Carter in their official capacities **are dismissed**. An official capacity claim against these defendants as employees of the IDOC would in essence be against the State of Indiana. Such claims are barred by the Eleventh Amendment to the United States Constitution, and the doctrine of sovereign immunity. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 and n.14 (1985) (suit for damages against state officer in official capacity is barred by the Eleventh Amendment); *see also Sebesta v. Davis*, 878 F.3d 226, 231 (7th Cir. 2017) (concluding the state is not a "person" that can be sued under 42 U.S.C § 1983). Thus, to the extent that Mr. Marshall sued these individuals in their official capacities, these claims are dismissed. Mr. Marshall's claims against these parties in their individual capacities remain.

Additionally, Mr. Marshall's fraud claims under 31 U.S.C. § 3801 **are dismissed**. Mr. Marshall alleges that Mr. Grinstead, Mr. Cecil, Mr. French, Mr. Sevier, and Mr. Christian defrauded the federal government by claiming that he entered the Stand Program voluntarily and receiving federal funds for his participation. However, § 3801 *et. seq.* only allows actions by

4

federal agencies; it does not allow lawsuits by private persons. *See* 31 U.S.C. § 3801(a)(1) (defining authority as "an executive department, military department, and establishment, the United States Postal Service, the National Science Foundation, and a designated Federal entity"); *see also* 31 U.S.C. § 3802(b) (specifying when an "authority" may bring actions for fraudulent actions). Accordingly, Mr. Marshall does not have standing to bring this claim.

Finally, Mr. Marshall's request for indemnification **is dismissed.** Mr. Marshall asks the Court to indemnify the IDOC, Geo Group, Inc., Mr. Carter, and Mr. Sevier. The right to indemnification arises through a contract or by a statutory obligation; however, it may also be implied at common law. *See Nextgear Capital, Inc. v. Premier Grp. Autos, LLC*, No. 1:20-cv-00354, 2022 U.S. Dist. LEXIS 89317, at *21 (S.D. Ind. May 18, 2022) (citing *Underwood v. Fulford*, 128 N.E.3d 519, 524-25 (Ind. Ct. App. 2019)).

Mr. Marshall has not alleged contractual or statutory indemnification, thus, the only source for his claim is the common law. "In the absence of any express contractual or statutory obligation to indemnify, such action will lie only where a party seeking indemnity is without actual fault but has been compelled to pay damages due to the wrongful conduct of another for which he is constructively liable." *Nextgear Capital, Inc.*, 2022 U.S. Dist. LEXIS 89317, at *21 (citing *Underwood*, 128 N.E.3d at 524-25). Mr. Marshall has not alleged that he has been compelled to pay any damages. Rather, he is seeking damages from defendants. Accordingly, Mr. Marshall's has failed to allege facts for an indemnification remedy.

The clerk is **directed to dismiss** the Indiana Department of Correction, Mr. K. Grinstead, Mr. G. Cecil, and Mr. J. French as defendants from this action.

### B. Severed Claims

The plaintiff is not permitted to treat a single federal complaint as a sort of general list of grievances. *Mitchell v. Kallas*, 895 F.3d 492, 502-03 (7th Cir. 2018) ("Out of concern about unwieldy litigation and attempts to circumvent the [Prison Litigation Reform Act's] PLRA's fee requirements, we have urged district courts and defendants to beware of 'scattershot' pleading strategies.").

Mr. Marshall's non-transition unit allegations identified above are unrelated to the law library allegations. These claims belong in different suits. *See Godinez*, 860 F.3d at 436; *see also Antoine v. Ramos*, 497 F. App'x 631, 635 (7th Cir. 2012) (stating "district court should have rejected [plaintiff's] attempt to sue 20 defendants in a single lawsuit raising claims unique to some but not all of them") (citing *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012)); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

Federal Rules of Civil Procedure 18 and 20 guide this analysis. Federal Rule of Civil Procedure 20(a)(2), permits a plaintiff to join defendants in a single action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "[M]ere overlap between defendants is not enough." *Thompson v. Bukowski*, 812 F. App'x 360, 363 (7th Cir. 2020).

Once Rule 20 is satisfied, "[a] party asserting a claim to relief as an original claim, . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Fed. R. Civ. P. 18(a); *UWM Student Assoc. v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018) (court must apply Rule 20 before Rule 18). "Thus multiple claims

6

against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Mr. Marshall's non-transition unit claims **shall proceed** in this action as specified below. Mr. Marshall's law library claims are not part of the same occurrence because they happened at a different time and place and involved different actors and injuries.

Thus, the law library claims are misjoined. In such a situation, "[t]he court may . . . sever any claim against a party." Fed. R. Civ. P. 21. The misjoined claims shall either be severed into new actions or dismissed without prejudice. *See Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). The plaintiff is the master of his complaint and shall be given the opportunity to determine which course is followed. *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005) (noting that the composition and content of the complaint are entirely the responsibility of the plaintiff, for "even *pro se* litigants are masters of their own complaints and may choose who to sue-or not to sue"). If a new action is opened, the plaintiff will be responsible for the filing fee associated with the new case. In addition, the screening requirement of 28 U.S.C. § 1915A(b) will be triggered for the new case. As always, the plaintiff should consider whether to file any particular civil action.

The plaintiff shall have **through May 1, 2023**, in which to **notify the Court** whether he wishes the Court to sever any of law library claims identified above into a new action, and if so, he must identify which claims against which defendants he wants to proceed. If there were additional claims raised in the original complaint that the Court failed to identify, the plaintiff may

7

identify those claims and they will be severed.[2] If the plaintiff fails to notify the Court, the misjoined claims will be considered abandoned and will be dismissed without prejudice.

### C.  Proceeding Claims

Although limiting an inmate to one hour of recreation a day and depriving them of educational, religious, and other activities does not violate the Eighth Amendment, *see Hardaway v. Meyerhoff,* 734 F.3d 740, 744 (7th Cir. 2013); *Jaros v. Ill. Dept. of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012), liberally construing the complaint, the alleged conditions of confinement in combination state a viable claim. Accordingly, Mr. Marshall's Eighth Amendment conditions of confinement and Fourteenth Amendment due process claims **shall proceed** against Robert Carter, Mark Sevier, and Derek Christian in their individual capacity.

Further, Mr. Marshall's Eighth Amendment conditions of confinement and Fourteenth Amendment due process claims **shall proceed** against Geo Group, Inc., under the theory set forth in *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978) (allowing § 1983 claims against municipal governments when the municipality's policy or custom caused a constitutional deprivation). *See also Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (allowing a *Monell* claim against corporation acting under color of state law).

### IV.   Service of Process

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to defendants Robert Carter, Mark Sevier, Derek Christian, and Geo Group Inc. in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [35], applicable forms (Notice

---

[2] Mr. Marshall's headings in his complaint included an equal protection claim, but the body of his complaint did not allege any facts relative to this claim. If Mr. Marshall is seeking to pursue such a claim, his response must contain facts alleging an equal protection claim.

of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed to terminate** K. Grinstead, C. Bookout, J. French, G. Cecil, Gaddis, Cecil, H. Winningham, and Randolph as defendants from this action. The **clerk is directed to add** Robert E. Carter Jr. and Derek Christian as defendants.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

The **clerk is directed** to remove sued in "official capacities" on the caption for all defendants.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 4/10/2023

                                             James Patrick Hanlon
                                             United States District Judge
                                             Southern District of Indiana

Distribution:

AUGUSTUS MARSHALL
211928
WESTVILLE – CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

GEO GROUP, INC.
100 Van Nuys Rd.
New Castle, IN 47362

Courtesy Copy to:

ADAM GARTH FORREST
BBFCS ATTORNEYS
27 North Eighth Street
Richmond, IN 47374

Electronic service to Indiana Department of Correction:

    Robert Carter
    Mark Sevier
    Derek Christian