UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AUGUSTUS MARSHALL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-cv-02862-JPH-CSW |
| GEO GROUP INC., et al., | ) ) ) |
| Defendants. | ) |

**ORDER ADDRESSING MOTIONS FOR SUMMARY JUDGMENT
AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Augustus Marshall brings claims alleging that while he was incarcerated at New Castle Correctional Facility ("NCCF"), Defendants violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution. Defendants Robert E. Carter, Jr., and Derek Christian ("IDOC Defendants") have filed a motion for partial summary judgment, arguing that Plaintiff failed to exhaust his available administrative remedies with respect to his Eighth Amendment conditions-of-confinement claims as required by the Prison Litigation Reform Act ("PLRA") before filing this lawsuit. Separately, Defendants Mark Sevier and The GEO Group, Inc. ("GEO Group Defendants") have filed a motion for summary judgment on both the Eighth and Fourteenth Amendment claims. For the reasons below, the IDOC Defendants' motion for summary judgment, dkt. [66], is **GRANTED**, and the GEO Group Defendants' motion, dkt. [73], is **GRANTED in part and DENIED in part**.

1

# I.
# Summary Judgment Standard

Parties in a civil dispute may move for summary judgment, which is a way to resolve a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Cmty. Schs.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 572 (7th Cir. 2017) (quoting *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008)).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477

U.S. 317, 323 (1986).  "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.  Indeed, "[t]he court has no duty to search or consider any part of the record not specifically cited" in accordance with the local rules.  S.D. Ind. L.R. 56-1(h); *see* S.D. Ind. L.R. 56-1(e) ("A party must support each fact the party asserts in a brief with a citation to a discovery response, a deposition, an affidavit, or other admissible evidence. . . . The citation must refer to a page or paragraph number or otherwise similarly specify where the relevant information can be found in the supporting evidence.").

## II.
## Factual Background

### A. Offender Grievance Process

At all times relevant to the claims in this suit, Plaintiff was incarcerated at NCCF within the Indiana Department of Correction ("IDOC").  The IDOC has a standardized offender grievance process ("Offender Grievance Process") which was in place during the time Plaintiff alleges his rights were violated.  Dkt. 67-1 at 2 (Affidavit of Grievance Specialist Shannon Smith).

IDOC Policy and Administrative Procedures 00-02-301, Offender Grievance Process ("Offender Grievance Process") is the IDOC policy governing the grievance procedure and details how a prisoner must exhaust his administrative remedies using that procedure.  *Id.*  During the relevant period, the grievance process consisted of three steps: (1) submitting a formal grievance following unsuccessful attempts at informal resolutions;

3

(2) submitting a written appeal to the facility Warden/designee; and (3) submitting a written appeal to the IDOC Grievance Manager. *Id.*; *see also* dkt. 75-1 at 2–3 (Affidavit of NCCF Offender Grievance Coordinator Melissa Rutledge). Successful exhaustion of the grievance process requires timely pursuing each step or level of the process. Dkt. 67-1 at 2.

### B. Plaintiff's Participation in the Offender Grievance Process

The conditions of Plaintiff's confinement are grievable issues covered by the Offender Grievance Process. *Id.* at 5. Plaintiff's grievance history does not reflect any fully exhausted grievances that could be associated with his conditions-of-confinement claims against the Defendants, namely the condition of his confinement during the STAND / non-transitional unit. *Id.*; *see also* dkt. 75-1 at 6; dkt. 67-4 (Plaintiff's Grievance History).

### C. Plaintiff's Participation in the Classification Appeals Process

The Offender Grievance Process lists "[c]lassification actions or decisions" under its examples of non-grievable issues. *See* dkt. 67-2 at 3 ("[A] separate classification appeals process is in place for this purpose[.]"). In his response, Plaintiff does not dispute that the conditions of his confinements were grievable issues under the Offender Grievance Process nor that he failed to fully exhaust any grievances with respect to these issues. *See generally* dkt. 79. Rather, he responds only to the Defendants' claims that he failed to exhaust his administrative remedies with respect to his due-process claims. *Id.* Specifically, he states that the Offender Grievance Process is "irrelevant" to his due-process claims because classification decisions are "non-grievable," and he

4

attaches several exhibits intending to demonstrate his participation in that separate process. *Id.* at 7; *see also* dkts. 78-1 to 78-18. The IDOC Defendants reiterated in their reply that they are not seeking summary judgment on Plaintiff's due-process claims. Dkt. 80 at 1. The GEO Defendants did not file a reply.

## III.
## Discussion

The PLRA requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

"To exhaust available remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (citing *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (per curiam) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

"Because exhaustion is an affirmative defense," Defendants face the burden of establishing that "an administrative remedy was available and that [Mr. Marshall] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th

Cir. 2015). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake*, 578 U.S. 632, 642 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* (internal quotation omitted).

The Seventh Circuit "has taken a strict approach to exhaustion." *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). "An inmate must comply with the administrative grievance process that the State establishes . . . ." *Id.*; *see also Ross*, 578 U.S. at 639 (explaining that the mandatory language of the PLRA "means a court may not excuse a failure to exhaust").

### A. Conditions-of-Confinement Claims

Defendants have met their burden of proving that Plaintiff "had available [administrative] remedies that he did not utilize" with respect to this conditions-of-confinement claims. *Dale*, 376 F.3d at 656. The record reflects that Plaintiff was aware of the grievance process and that he failed to utilize this process with respect to the conditions-of-confinement claims proceeding in this action. Dkt. 20 at 2. Although Plaintiff has provided numerous exhibits showing his participation in the classification appeals process, these exhibits pertain only to his due-process claims, not his conditions-of-confinement claims. Plaintiff therefore has not identified a genuine issue of material fact supported by admissible evidence that counters the facts established by Defendants.

6

The undisputed evidence shows that Plaintiff did not complete the available administrative process as required before filing this lawsuit. *Reid*, 962 F.3d at 329. Pursuant to 42 U.S.C. § 1997e(a), his conditions-of-confinements claims against Defendants must be dismissed without prejudice. *Id.*; *see also Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

### B. Due Process Claims

While the IDOC Defendants do not seek summary judgment with respect to Plaintiff's Fourteenth Amendment due-process claims, the GEO Group Defendants do. *See* dkt. 74 at 1. The GEO Defendants have not shown, however, that Plaintiff "had available [administrative] remedies that he did not utilize" with respect to his due-process claims. *Dale*, 376 F.3d at 656. The only grievance process in the record, the Offender Grievance Process, identifies classification as a non-grievable issue, *see* dkt. 67-2 at 3. The GEO Defendants do not contend that Plaintiff has exhausted a "separate classification appeals process" applicable to Plaintiff's due-process claims. Furthermore, the GEO Defendants have not addressed Plaintiff's argument that the classifications process (and not the Offender Grievance Process) is applicable to his claims or his designated exhibits demonstrating his participation in that process.

The GEO Defendants have not carried their burden with respect to Plaintiff's Fourteenth Amendment due-process claims so their motion for summary judgment is denied with respect to those claims.

# IV.
# Conclusion

The IDOC Defendants' motion for summary judgment, dkt. [66], is **GRANTED**, and the GEO Group Defendants' motion, dkt. [73], is **GRANTED in part and DENIED in part**.  Plaintiff's Eighth Amendment conditions-of-confinement claims are **DISMISSED** without prejudice.  This matter shall proceed on Plaintiff's Fourteenth Amendment due-process claims against Defendants Carter, Christian, and Sevier in their individual capacities and The GEO Group under the theory set forth in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).  *See* dkt. 45 at 9.  The **clerk is directed** to terminate J. Smith as a defendant on the docket.  No partial judgment shall issue.

**SO ORDERED.**

Date: 9/24/2024

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

AUGUSTUS MARSHALL
6311 Southcrest Road
Fort Wayne, IN 46816